UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00276

**William Earl Stoker,**

*Plaintiff,*

v.

**Commissioner, Social Security Administration,**

*Defendant.*

# ORDER

Plaintiff William Earl Stoker filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the commissioner's decision to deny social security benefits. Doc. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). Doc. 3.

On November 16, 2021, the magistrate judge issued a report recommending that the commissioner's decision be affirmed and the case be dismissed with prejudice. Doc. 23. Plaintiff submitted objections on November 29, 2021. Doc. 24. The court reviews objected-to portions of the magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1).

First, plaintiff argues that the ALJ's residual functional capacity determination is not supported by substantial evidence. Doc. 24 at 2. Specifically, plaintiff claims that the ALJ erred by not including postural limitations for each severe impairment. The analysis for severe impairments, however, is altogether different from the RFC analysis. *Gutierrez v. Barnhart*, 2005 WL 1994289, at *9 (5th Cir. 2005); *see also Boyd v. Apfel*, 239 F.3d 698, 706 (5th Cir. 2001). A severe impairment finding does not necessarily result in limitations in the RFC. *Walker v. Colvin*, 2015 WL 5836263, at *15 (N.D. Tex. Sept. 30, 2015).

Next, plaintiff claims there is no medical opinion evidence to support the RFC finding. Plaintiff contends that the ALJ rejected the opinion of Dr. Leong, a medical consultant. Doc. 24 at 4. The record

reveals, however, that the ALJ properly considered Dr. Leong's opinion pursuant to the revised rules for the consideration and articulation of medical opinions for claims filed after March 27, 2017 and found his opinion partially persuasive. 20 C.F.R. § 404.1520c. After reviewing Dr. Leong's opinion that there is no medical evidence for the relevant time period prior to the date last insured to support limitations for medically determinable impairments, the ALJ considered the record as a whole, including the examining medical physicians' findings and determined that plaintiff could only perform light work activity. Doc. 16-2 at 18.

A finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). The court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [the court's] judgment for the [commissioner's], even if the evidence preponderates against the [commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). Here, the ALJ thoroughly summarized the record and explained his basis for his RFC finding. The ALJ's RFC determination is supported by substantial evidence.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. The court affirms the commissioner's final administrative decision and dismisses this action with prejudice. Any motion not ruled on is denied as moot.

*So ordered by the court on December 3, 2021.*

J. CAMPBELL BARKER
United States District Judge